IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FCM, | CV. 07-1298-AS |
| Plaintiffs, | FINDINGS AND RECOMMENDATION |
| v. | |
| WASHINGTON MUTUAL BANK, a Washington corporation; and RAYMOND E. LINDLEY, | |
| Defendants. | |

ASHMANSKAS, Magistrate Judge:

      Defendants Washington Mutual Bank (the "Bank") and Raymond E. Lindley (collectively "Defendants") have filed a motion to dismiss. Plaintiff FCM ("Plaintiff") has filed a motion to remand. The motions raise a common issue – whether Lindley is a proper party to this action.

      Plaintiff asserts claims for public disclosure of private facts and breach of confidence against Lindley based, in part, on an employer's duty to keep an employee's private information confidential as set forth in O.R.S. 659A.136(3) and O.R.S. 659A.133(3)(b). Defendants argue that Plaintiff is unable to establish that the statutes impose a duty of confidentiality on Lindley or that Lindley publicly disclosed the confidential information. Accordingly, Defendants assert that Plaintiff has

Page -1- FINDINGS AND RECOMMENDATION      *{SIB}*

failed to state a valid claim for relief against Lindley and that Lindley should be dismissed. If Lindley is dismissed, complete diversity exists and this court has jurisdiction over this action. If Plaintiff has stated a valid claim against Lindley, this action must be remanded to the state court for resolution.

## Background

Plaintiff was hired by the Bank in September 1992 and was regularly promoted throughout her employment. She began as a Teller in 1992, then advanced to Loan Officer in 1994, Assistant Manager in 1999 and Financial Center Manager in 2001.

In mid-July 2005, Plaintiff advised Lindley, her supervisor, that she was an alcoholic and that she had recently been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") along with some learning difficulties, including reading. In mid-August 2005, Plaintiff advised Lindley that she was also diagnosed with Bipolar Disorder, Obsessive Compulsive Disorder and severe anxiety disorder. To some degree, Plaintiff and Lindley discussed accommodations that would allow Plaintiff to continue to perform her job duties.

Plaintiff alleges that Lindley "told other Washington Mutual Bank employees about Plaintiff's disability and medical conditions, that she was an alcoholic and that she was on psychotic medication." Complaint at 7. Lindley allegedly referred to Plaintiff as "mental," "whacko," "unstable," and "wacked-out" on more than one occasion. Id.

## Legal Standard

**Motion to Dismiss**

Fed. R. Civ. P. 8 sets forth the basic rules for pleadings filed in this court. The rule requires parties to set forth their claims or defenses in short and plain terms and that such claims or defenses

shall be simple, concise and direct. However, this plain statement "must possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1966 (2007).

A party may attack the sufficiency of the allegations in a pleading by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. While a federal claimant is not required to set out in detail the facts upon which he bases a claim under the liberal system of notice pleading, a party's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (citations omitted). In other words, the party must allege sufficient facts to raise a reasonable expectation that additional discovery will reveal evidence to support each element of the claim alleged, even if the court finds that proof of such factual allegations is improbable.

The courts are obligated to weed out those pleadings which allege a mere possibility of the prima facie elements of a claim to prevent "a plaintiff with 'a largely groundless claim to simply take up time of a number of other people, with the right to do so representing a *in terrorem* increment of the settlement value rather than a reasonably founded hope that the [discovery] process will reveal relevant evidence.'" Dura Pharmaceuticals, Inc., v. Broudo, 544 U.S. 336, 347 (2005)(quoting Blue Chip Stamps v. Manor Drug Store, 421 U.S. 723, 741 (1975)). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should * * * be exposed at the point of minimum expenditure time and money by the parties and the court. Bell Atlantic Corp., ___ U.S. at ___, 127 S.Ct. at 1966 (quoting Wright &

Miller, §1216 at 233-234).

**Motion to Remand**

Section 1447(c) provides, in part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Only cases that would have had original jurisdiction in a federal district court may be removed from state court. 28 U.S.C. § 1441(a). The removal statute is strictly construed and any doubt about the right of removal is resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The presumption against removal jurisdiction means "the defendants always has the burden of establishing that removal is proper." Id.

28 U.S.C. §1332(a) authorizes district courts to exercise original jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, the parties are citizens of different states, and citizens of or subjects of a foreign are additional parties. "Absent diversity of citizenship, federal question jurisdiction is required." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have original federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441(b).

It is clear that the question whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986). Federal question jurisdiction exists only if the federal question appears on the face of plaintiff's complaint; if not, original jurisdiction is lacking, even if the defense is based on federal law. Id.

Discussion

Plaintiff names Lindley as a defendant in her claims for pubic disclosure of private facts and breach of confidence. Both of these tort claims require Plaintiff to establish that defendant had a duty to refrain from revealing confidential or private information. <u>Anderson v. Fisher Broadcasting Companies, Inc.</u>, 300 Or. 452 (1986); <u>Humphers v. First Interstate Bank of Oregon</u>, 298 Or. 706 (1985). Plaintiff contends that O.R.S. 659A.133(3) and O.R.S. 659A.136 impose such a duty on Lindley. Plaintiff also asserts that Lindley's promise to keep the information confidential created a contractual duty of confidentiality.

O.R.S. 659A.133(3) provides, in pertinent part, that medical information obtained by an employer pursuant to a medical examination required by the employer to qualify the prospective employee for a job must be treated as a confidential medical record and disclosed only under specified circumstances to the employee's supervisor or manager, first aid and safety personnel or officer and employees of the Bureau of Labor and Industries. O.R.S. 659A.136(2) authorizes an employer to "conduct voluntary medical examinations, including voluntary medical histories, that are part of an employee health program available to employees at that work site. An employer may make inquiries into the ability of an employee to perform job-related functions." O.R.S. 659A.136(3). All medical information obtained under O.R.S. 659A.136(2) is subject to the restrictions set forth in O.R.S. 659A.133(3). O.R.S. 659A.136(3).[1]

Plaintiff has not alleged that Lindley obtained the confidential information from a medical

---

[1] Defendants argue that the statutes do not apply to Lindley, who was Plaintiff's supervisor, not her employer. Plaintiff concedes that Lindley is not liable under the statutes, only that the statutes impose a duty on Lindley to keep Plaintiff's medical information confidential. Because the court finds that Lindley had no duty to keep information voluntarily disclosed by Plaintiff under the statutes, the court will not address whether the statutes impose a duty on Lindley even if he can not be held liable under the same statutes.

examination conducted by her employer. Plaintiff alleges only that she was an alcoholic that had been diagnosed with ADHD, Bipolar Disorder, Obsessive Compulsive Disorder and severe anxiety disorder. Accordingly, the voluntary disclosure of the confidential information by Plaintiff does not fall within the parameters of O.R.S. 659A.136(2) and is not protected under O.R.S. 659.133(3). Babcock v. Albertson's, Inc., 2004 WL 2457779 (D.Or. 2004). See also Cash v. Smith, 231 F.3d 1301, 1307-8 (11th Cir. 2000)(the Americans with Disabilities Act, which is virtually identical to the statutes at hand, does not govern voluntary disclosures initiated by the employee).

Plaintiff argues that because Lindley questioned her about her ability to perform job-related functions after she voluntarily disclosed her medical condition, Lindley was required to keep her medical condition confidential under the second sentence of O.R.S. 659A.136(2), which provides that "[a]n employer may make inquiries into the ability of an employee to perform job-related functions." The Complaint contains no allegations that Lindley questioned Plaintiff about her ability to perform job-related functions. To the contrary, Plaintiff alleges in her Complaint that she initiated virtually all of the conversations regarding her condition and possible accommodations. Plaintiff alleges she explained to Lindley, at the time she disclosed her alcoholism and ADHD, that "these conditions affected her job performance by making it difficult for her to focus on work, prioritize tasks and read work-related documents." Complaint at 3. Plaintiff also alleges that, on numerous occasions, she contacted Lindley to discuss possible accommodations for her disability and that Lindley "berated [Plaintiff] for contacting him to discuss reasonable accommodations." Id. at 4. In fact, Plaintiff eventually complained to the Bank about Lindley's "refusal to assist her in developing a reasonable accommodation for her disability." Id. at 5. Plaintiff has failed to allege that Lindley obtained confidential medical information by making inquiries into Plaintiff's ability to perform job-

related functions. In the absence of such allegations, Plaintiff is unable to rely on the duty of confidentiality imposed by O.R.S. 659A.133(3)(b).

Even if Plaintiff has adequately alleged a duty of confidentiality under the second sentence of O.R.S. 659A.136(2), she has failed to allege that the information obtained by Lindley in this context was disclosed to other Bank employees. Plaintiff alleges that Lindley violated his duty of confidentiality when he told other employees about "Plaintiff's disability, medical conditions and medications." Id. at 7. However, Plaintiff clearly volunteered all of this information to Lindley prior to discussing the effect these conditions had on Plaintiff's ability to do her job. Plaintiff has failed to allege that Lindley shared confidential information revealed for the first time in his discussions with Plaintiff about possible reasonable accommodations for Plaintiff's medical conditions. Accordingly, the court finds that Plaintiff has failed to allege facts necessary to impose a duty of confidentiality with regard to Plaintiff's disability, medical conditions or medications under O.R.S. 659A.133(3).

While not alleged in the Complaint, Plaintiff now claims that Lindley had a contractual duty of confidentiality based on his agreement to keep her medical information confidential. In the absence of allegations supporting this claim, the court finds that Plaintiff has failed to state a claim for breach of confidentiality based on a contractual duty. Even if Plaintiff included the necessary allegations in her complaint, the court is not convinced that the claim would survive a motion to dismiss.

Plaintiff alleges that she suffered emotional injury in an amount to be determined at trial as a result of Lindley's breach of his contractual duty of confidentiality. The Oregon appellate court has held that damages for emotional suffering are not recoverable in an action for breach of a

contractual duty of confidentiality. Doe v. Portland Health Centers, Inc., 99 Or.App. 423, 449 (1989). Additionally, Plaintiff disclosed her medical conditions to Lindley in the hopes of receiving some accommodation. She did not condition her disclosure on Lindley's promise to keep the information confidential. In fact, Plaintiff states that Lindley indicated he would keep the information confidential only after she disclosed the information and discussed possible reasonable accommodations. This evidence raises questions about Plaintiff's argument that her continued employment with the Bank was valid consideration for Lindley's agreement not to share her confidential information. If Plaintiff's sole purpose in revealing her medical condition to the Bank was to discuss accommodations that would allow her remain employed by the Bank, the fact that she continued to work after disclosing the information primarily benefitted Plaintiff, not the Bank or Lindley. There is no evidence that Plaintiff would have quit her employment if Lindley had not agreed to keep her medical information confidential. Accordingly, Plaintiff did not give up anything of value in exchange for Lindley's promise to keep her information confidential.

Another reason for granting Defendants' motion to dismiss Lindley is that Plaintiff has failed to allege that Lindley disclosed the information to the public. Under Oregon law, public disclosure of private facts requires a showing of four elements:

> (1) the plaintiff had private information which would have remained private; (2) the defendant made that private information known to the public; (3) the publication of that information would be offensive to a reasonable person; and (4) the tortfeasor's conduct was wrongful apart from inflicting emotional distress on the plaintiff."

Hedger v. Asbury Automotive Oregon LLC, No. 05-1576-MO, 2006 WL 3345154 at *3 (D.Or. November 15, 2006). Here, Plaintiff alleges that Lindley disclosed private facts to Bank employees, which she also describes as "a large number of people." Plaintiff has not elaborated on the exact number of employees or the locations where the employees worked.

Page -8- FINDINGS AND RECOMMENDATION                                                                 {SIB}

The Oregon courts have defined a disclosure to the "public" rather broadly. "To constitute such a disclosure it must be public in the sense of communication either to the public generally or to a large number of persons as distinguished from one individual or a few." Tollefson v. Price, 247 Or. 398, 402 (1967). This court has previously held that an employer who allowed unauthorized personnel to review confidential information and disclosed other confidential information did not publicize the information to the public or a large number of persons. Logan v. West Coast Benson Hotel, 981 F.Supp. 1301, 1321 (D.Or. 1997). Similarly, this court has held that a manager's disclosure of an employee's private medical and family matters to a handful of people did not constitute publication. Blackthorne v. Posner, 883 F.Supp. 1443, 1456 (D.Or. 1995). Other courts have also held that disclosure of private facts to co-employees does not qualify as a publication. Dancy v. Fina Oil and Chemical Co., 3 F.Supp.2d 737 (E.D. Texas 1997)(disclosure of information to some workers in a refinery not a publication); Hawley v. Atlantic Cellular Telephone Corp., Civ. No. 930362-P-H, 1994 WL 505029 (D.Me. 1994)(communication with five coworkers and corporate counsel not a publication); West v. Oxo Chemie, Inc., No. A098370, 2002 WL 3176540 (Cal.App. 1 Dist. 2002)(disclosure to a doctor and to fellow workers at a staff meeting not a public disclosure). On other hand, this court has held that disclosure to a community or city does qualify as a publication. In Simpson v. Burrows, 90 F.Supp.2d 1108, 1125 (D.Or. 2000), this court held that disclosure of plaintiff's sexual orientation to a large number of persons in Christmas Valley through various public institutions such as the library and the water district was a disclosure to the public.

The allegation found in Plaintiff's complaint limits Lindley's disclosure to other Bank employees. While Plaintiff describes this group as a "large group of people," it is evident that this group of people is limited to a subset of Bank employees. Based on previous opinions from this

court, as well as other jurisdictions and state courts, this court finds that such a disclosure, when limited to a restricted number of co-employees, is not a publication to the public generally or to a large number of persons as distinguished from one individual or a few.

Plaintiff has failed to adequately allege that Lindley had a either a statutory or contractual duty of confidentiality to keep Plaintiff's medical information confidential or that Lindley "published" the confidential information. Accordingly, Plaintiff has failed to state a claim for public disclosure of private facts or breach of confidence against Lindley and Defendants' motion to dismiss Lindley should be granted. If Lindley is dismissed from this action, complete diversity exists, this court has subject matter jurisdiction over this action, and Plaintiff's motion to remand should be denied.

## Conclusion

Defendants' motion (4) to dismiss Lindley should be GRANTED and Plaintiff's motion (8) to remand should be DENIED.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than **December 13, 2007**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the

/ / / / /

/ / / / /

/ / / / /

objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 28th day of November, 2007.

    /s/   Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge